IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CIERRA MICHELLE WARNER,<br><br>Defendant. | Case No. 23-CR-218-JFH |

### OPINION AND ORDER

Before the Court is a joint motion to declare the case complex and enter an extended scheduling order and new trial dates ("Motion") filed by the United States of America ("Government") and Defendant Cierra Michelle Warner ("Warner"). Dkt. No. 25. For the reasons set forth below, the Motion is GRANTED IN PART AND DENIED IN PART.

The Indictment in this case charges five (5) Defendants with thirty-seven (37) counts, including drug conspiracy, distribution of fentanyl and methamphetamine, firearms trafficking, possession of methamphetamine with intent to distribute, and unlawful use of a communication facility. Dkt. No. 2. Warner is the only Defendant who has made an appearance in this District so far.[1] The parties state in the Motion that the charges in the Indictment span years and discovery will include voluminous law enforcement reports, hours of consensual monitoring audio recordings, body and dash camera footage, forensic firearm analysis reports, forensic drug laboratory reports, cellular phone extractions, digital evidence, a confidential source, undercover law enforcement, controlled buys, numerous expert witnesses, and forensic evidence including phone extractions and digital messages from the application Signal. Dkt. No. 25 at 2. For these

---

[1] A writ of habeas corpus ad prosequendum was issued for Defendant Shane Eugene Miller on July 5, 2023. Dkt. No. 20. Defendants Johnathan Allen Perryman, Brenda Raelene Blakely, and Justina Roachell Neece remain at large.

reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161.  The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendants in a speedy trial.  Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

Warner requests an extension of all deadlines to the Court's February 2024 trial docket. Because of the complexity of the discovery in this case, the Court finds a continuance is appropriate, but not to the extent requested by Warner.

IT IS THEREFORE ORDERED that the joint motion to declare the case complex and enter an extended scheduling order and new trial dates filed at Dkt. No. 25 is GRANTED IN PART AND DENIED IN PART.  The jury trial set for August 28, 2023 at 8:45 a.m. is stricken.  The following amended scheduling order is hereby entered:

| Event | Date | Time |
|---|---|---|
| Joint status report regarding production of discovery filed: | 8/31/2023 | |
| Notices filed: | 10/5/2023 | |
| This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609. | | |
| Motions and objections to notices filed: | 10/12/2023 | |
| Absent good cause, motions in limine shall be filed by this date | | |
| Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | | |
| Pretrial conference: | 11/30/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 12/8/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 12/14/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 12/14/2023 | by 4:00 pm |
| Jury trial: | 12/18/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from August 28, 2023, inclusive, to December 18, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 12th day of July 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE